**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| THE COUNTY OF EL PASO, TEXAS, | § § § § § | |
| *Plaintiff,* | § § | |
| *v.* | § § | Civil Action No: 3:26-cv-957 |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCMENT, | § § § | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| *Defendant.* | § § | |

**PLAINTIFF'S ORGINAL COMPLAINT**

## I.     PRELIMINARY STATEMENT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of certain records that are a matter of great public concern. Plaintiff County of El Paso ("Plaintiff" or "County") seek the immediate processing and timely release of agency records from U.S. Immigration and Customs Enforcement ("ICE" or "Defendant").

2.     This case is about a Texas county government's effort to obtain information for its residents and the unlawful refusal of ICE to release agency records relating to the impact a mega detention center will have on local communities and the County of El Paso as a whole.

3.     On or about January 20, 2026, local news outlets in El Paso, Texas began reporting ICE is planning a detention center in El Paso County, Texas that will be a "mega" facility projected to house between five thousand (5,000) and eight thousand five hundred (8,500) people.[1]

---

[1] David Ibave, *Sources: ICE plans new EP County detention centers; no official announcement*, KFOX 14, January 20, 2026, https://kfoxtv.com/news/local/ice-plans-new-el-paso-county-detention-centers-for-8500-but-no-official-announcement-yet-texas-tx-clint-dhs-immigration-congress-veronica-escobar-one-big-beautiful-bill.

1

4.      On January 20, 2026, United States Congresswoman Veronica Escobar (TX-16) issued a press release stating "A private corporation received nearly $30 million through a no-bid federal contract to help design more detention space, including another facility in El Paso."[2]

5.      On January 26, 2026, over two hundred (200) El Paso residents presented public comments to the El Paso County Commissioners Court, detailing their concerns about a proposed expansion or creation of additional federal detention facilities in the El Paso area.[3] Residents were particularly alarmed at the possibility of a new immigration detention center being built when El Paso already contains Camp East Montana, the largest immigration detention center in the United States.[4] Residents highlighted numerous reports alleging significant abuse against detainees, problematic conditions of confinement, and the spread of infectious diseases such as measles at existing immigration detention facilities.[5]

---

Julia Spencer, *DHS purchase of Socorro property for detention center raises transparency concerns*, February 5, 2026, https://kfoxtv.com/news/local/dhs-purchase-of-socorro-property-for-detention-center-raises-transparency-concerns-mayor-rudy-cruz-jr-lack-of-transparency-answers-ice-department-of-homeland-security-el-paso-county-officials-immigration-migrant.

Ramirez, Cindy, *Planned 'mega' ICE detention center in Far East El Paso County has rocky start with tribe-owned business*, El Paso Matters, January 25, 2026, https://elpasomatters.org/2026/01/25/ice-open-mega-detention-center-clint-el-paso-tx-warehouse-tribe-owned-business/. *See also* Jeff Abbott, *Socorro moves to block new ICE detention center amid community outcry*, El Paso Times, February 12, 2026, http://www.elpasotimes.com/story/news/immigration/2026/02/12/socorro-moves-to-block-new-ice-detention-center/88595487007/?gnt-cfr=1&gca-cat=p&gca-uir=true&gca-epti=z115931p001050c001050v115931d--59--b--59--&gca-ft=193&gca-ds=sophi.

[2] Veronica Escobar, *Congresswoman Escobar Statement on Additional ICE Detention Facilities in El Paso*, Congresswoman Veronica Escobar Press Releases, January 20, 2026, https://escobar.house.gov/news/documentsingle.aspx?DocumentID=3032#:~:text=Congresswoman%20Escobar%20Statement%20on%20Additional,El%20Paso%20%7C%20Congresswoman%20Veronica%20Escobar.

[3] Abbott, Jeff, *El Paso County residents speak out against new ICE detention center*, El Paso Times, January 27, 2026, https://www.elpasotimes.com/story/news/immigration/2026/01/26/el-paso-county-residents-call-on-commissioners-court-to-oppose-ice-center/88367966007/.

[4] Martinez-Beltran, Sergio, *ICE detention deaths are on a record pace. One Texas facility bears the brunt*, NPR, April 3, 2026, https://www.npr.org/2026/04/03/nx-s1-5754749/ice-detention-deaths-are-on-a-record-pace-one-texas-facility-bears-the-brunt#:~:text=toggle%20caption,were%20at%20Camp%20East%20Montana.

[5]*See* American Civil Liberties Union, *Human Rights Groups Urge ICE to End Immigration Detention at Fort Bliss Military Base, Halt Abusive Third-Country Deportations, American Civil Liberties Union*, December 8, 2025, https://www.aclu.org/press-releases/human-rights-groups-urge-ice-to-end-immigration-detention-at-fort-bliss-military-base-halt-abusive-third-country-deportations; Douglas MacMilan, Samual Oakford, N. Kirkpatrick, and Aaron Schaffer, *60 violations in 50 days: Inside ICE's giant tent facility at Ft. Bliss*, The Washington Post, September 16, 2025, https://www.washingtonpost.com/business/2025/09/16/ice-detention-center-immigration-violations/; Nguyen, Alex and Keemahill, Dan, *Measles spike in federal detention facility reaches the Texas public,*

6.      Many of these speakers demanded the County investigate whether ICE is planning on expanding existing facilities or creating new ones and do everything in its power to oppose these plans.

7.      Resident's concerns regarding new detention facilities are validated by numerous reports of ICE's plan to convert warehouses across the country into immigration detention centers.[6] Further, ICE has acknowledged undertaking a "Detention Reengineering Initiative" aimed at increasing detention bedspace by "focusing on non-traditional facilities." Ex. A (ICE Memo).

8.      Resident's concerns with the operations of existing immigration detention facilities like Camp East Montana were also supported by ICE's Office of Detention Oversight, which recently conducted a congressionally mandated inspection in February and found 49 violations of detention standards or policies in areas including the use of force and restraints, security, and medical care.[7]

9.      On February 3, 2026, Congresswoman Veronica Escobar submitted a letter to then Secretary of the Department of Homeland Security Kristi Noem and to Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement Todd M. Lyons expressing

---

*record show*, The Texas Tribune, March 26, 2026, https://www.texastribune.org/2026/03/26/texas-measles-el-paso-federal-detention-center-public-community-infections/.

[6] Heather Hollingsworth, *Immigration officials plan to spend $38.3 billion to boost detention capacity to 92,000 beds*, February 13, 2026, https://apnews.com/article/ice-detention-facilities-expansion-warehouses-c61c3e23c4246e94a760b4d979cb9c48.
Lisa Mascaro*, Trump's ICE force is sweeping America. Billions in his tax and spending cuts bill are paying for it*, January 20, 2026, https://apnews.com/article/congress-immigration-ice-deportation-budget-be983b14f60a5cdfc17af7cf0307f1c9.

[7] Foley, Rryan J., *ICE inspection finds dozens of detention standard violations at Camp East Montana,* El Paso Matters, April 2, 2026, https://elpasomatters.org/2026/04/02/ice-el-paso-texas-camp-east-montana-inspection-finds-violations-detention-standards/; Office of Professional Responsibility, *ERO El Paso Camp East Montana Inspection 2026-001-09*, February 10-12,2026, https://www.ice.gov/doclib/foia/odo-compliance-inspections/eroElPasoCampEastMontana_ElPasoTX_Feb10-12_2026.pdf.

her opposition, and the opposition of her constituents, to any expansion of detention facilities in the El Paso area.[8]

10.    Notwithstanding intensive public scrutiny and requests from information from local elected officials, ICE has provided little information to the public on the matter and has refused to respond to media requests.[9] This obfuscation seems to be applied widely, with ICE reportedly purchasing warehouses across the country with the intent of converting them to detention facilities without giving notice to communities or local elected officials. [10]

11.    On February 2, 2026, the El Paso County Commissioners Court directed the El Paso County Attorney's Office to "request, obtain, and compile any and all available information concerning proposed detention facility sites within El Paso County from municipalities; planning and permitting departments; federal and state agencies; and other relevant governing bodies, including elected officials and staff. Such information shall include, but not be limited to, site maps, applicable permitting requirements and processes, public notice and public comment periods, and meetings or discussions related to proposed sites." Ex. B (County Minutes 2.2.26).

12.    Pursuant to the El Paso County Commissioners Court directive, on February 17, 2026, the El Paso County Attorney's Office submitted a FOIA request 2026-ICFO-17552 ("the Request") to Defendant ICE. Ex. C (El Paso County's FOIA Request).

---

[8] Letter from Congresswoman Veronica Escobar to the Hon. Kristi Noem, Secretary of the Department of Homeland Security and the Hon. Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement, February 03, 2026, https://escobar.house.gov/uploadedfiles/letter_to_dhs_and_ice_on_new_facility_in_el_paso.pdf.

[9] Alexander, Sophie and Fola Akinnibi, Fola, *ICE Begins Buying "Mega" Warehouse Detention Centers Across US*, Bloomberg, January 29, 2026, updates January 30, 2026, https://bloomberg.com/news/features/2026-01-29/us-spends-hundreds-of-millions-on-warehouses-for-ice-detention-centers.

[10] Hollingsworth, Heather and Lee, Morgan *ICE's purchases for big detention centers, facing broad opposition, are marked by secrecy*, Los Angeles Times, February 22, 2026, https://www.latimes.com/world-nation/story/2026-02-22/ices-purchases-for-widely-unpopular-detention-centers-are-marked-by-secrecy.
Hollingsworth, Heather and Lee, Morgan, *ICE's Purchases for Big Detention Centers Are Marked by Secrecy, Frustrating Towns*, U.S. News & World Report, February 21, 2026, https://apnews.com/article/immigration-detention-centers-pushback-24e702da67281a672b0f77287aaa87ba.

13.     ICE has failed to produce responsive documents as mandated by FOIA, 5 § U.S.C. 552, *et. seq*.

## II.     JURISDICTION AND VENUE

14.     The Court has subject-matter jurisdiction over Plaintiff's FOIA claims pursuant to 28 U.S.C. 1331 (federal question) and 5 U.S.C. § 552(a)(4)(B) (FOIA). Plaintiff's request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. The Court also has jurisdiction over this action pursuant to 5 U.S.C. §§ 701-06.

15.     Venue is proper within this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(2), and (e)(1). Plaintiff is a political subdivision of the State of Texas that has its principal place of business in this district and seeks information specific to this district.

## II.     PARTIES

16.     **Plaintiff, El Paso County, Texas**, is a political subdivision of the State of Texas. El Paso County, Texas is located within the geographic jurisdiction of the United States District Court for Western District of Texas, El Paso division. Plaintiff's principal place of business is in El Paso, Texas.

17.     El Paso County's mission is to deliver sound and exceptional public services to the people of El Paso County through judicious, efficient, and responsive government, and the conscientious development of ideas that produce compassionate solutions to our community's obligations, challenges, and ever-changing demands. As such, the El Paso County Commissioners Court has a duty to be responsive to their residents' concerns and gather any information that can aid in their duty to protect the interests of the El Paso County community. El Paso County requested

records in furtherance of its mission and as such production of information primarily benefits the general public.

18.     The County has an interest and a duty in building a prosperous, healthy, and safe community as established through the Texas Constitution, Texas statutes, and caselaw.[11]

19.     **Defendant, United States Immigration and Customs Enforcement ("ICE")**, is a component agency of United States Department of Homeland Security ("DHS") and an "agency" within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f)(1), and 5 U.S.C. § 702. ICE's mission is to "[p]rotect America through criminal investigations and enforcing immigration laws to preserve national security and public safety."[12] To execute that mission, ICE carries out stops and arrests of individuals believed to be in violation of civil immigration law, maintains custody over individuals in immigration detention, and is responsible for management and oversight of the civil immigration detention system. Upon information and belief, ICE has possession, custody, and control of the records that the Plaintiff seeks.

---

[11] Texas counties are empowered by Tex. Const. art. V, § 18(b) to "exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State...". This authority encompasses broad areas such as:
a)  Public health. *See* Tex. H & S Code § 122.001 ("The commissioners court of a county may appropriate and spend money from the county general revenues for public health and sanitation in the county."). *See also* Tex. Health & Safety Code § 121.003 ("The governing body of…the commissioners court of a county may enforce any law that is reasonably necessary to protect the public health."); Tex. Hum. Res. Code § 11.003 (stating that a county maintains specific responsibilities related to the duty to support public welfare, child welfare, and relief services); Indigent Health Care and Treatment Act, Tex. Health & Safety Code Chapter 61; County funding of public health and sanitation, Tex. Health & Safety Code § 122.001; Mental Health and Intellectual Disability, Title 7, Tex. Health & Safety Code Chapter 531; Tex. Health & Safety Code § 281.021(a), (e).
b)  Public safety. *See* County funding for public welfare, child welfare, and relief services, Tex. Human Resources Code § 11.003; Public nuisance abatement, Tex. Civil Prac. & Rem. Code §125.002; *ee City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 31–32 (Tex. 2003) ("By granting commissioners courts general control over the roads, the Legislature imposed on them a duty to make the roadways safe for public travel."); *See also City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 31–32 (Tex. 2003) ("By granting commissioners courts general control over the roads, the Legislature imposed on them a duty to make the roadways safe for public travel."); *see also* Tex. Transp. Code § 251.003-016.
[12] Immigration and Customs Enforcement, *Mission Statement*, https://www.ice.gov/mission (last visited March 24, 2026).

### III.    FACTS

### Plaintiff's FOIA Request.

20.    Plaintiff seeks agency records from ICE regarding a mega detention facility proposed for El Paso County. To request those records, Plaintiff submitted a written FOIA Request to ICE on February 17, 2026, via email and through the secure online portal at: https://securerelease.us. Ex. C (El Paso County's FOIA Request).

21.    Property records for the potential location of the mega detention facility show DHS acquired property within the city limits of Socorro, Texas on January 27, 2026, for one hundred twenty-two million, eight hundred eight thousand dollars ($122,808,000.00). Ex. D (County Clerk Property Record).

22.    Plaintiff's Request seeks records in ICE's possession regarding proposed federal detention facilities in El Paso County. *See id*. The Request asks for records from January 1, 2025, to the date of submission of the FOIA requests. *Id*. Plaintiff's Request included but were not limited to:

   a.    All records related to the planning, proposal, siting, approval, funding, construction, or operation of any new detention federal facilities in the County of El Paso, Texas.

   b.    All records related to any person or business entity contracted to manage, service, or administer any new federal detention facilities in the County of El Paso, Texas.

   c.    All communications with private contractors or local governments regarding the development of any new federal detention facilities in the County of El Paso, Texas.

   d.    All records concerning feasibility studies, site evaluations, environmental assessments or reviews regarding the development of federal detention facilities in the County of El Paso.

   e.    All communications with private contractors or local governments regarding 1455 Eastwind Avenue, Clint, Texas 79836.

7

f.      All records concerning feasibility studies, site evaluations, environmental assessments or reviews regarding 1455 Eastwind Avenue, Clint, Texas 79836.

*Id.*

23.      Plaintiff sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) of the Request on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by a local government entity that has a duty to be responsive to their resident's concerns, and build a prosperous, health, and safe community.

24.      In support of its request for expedited production, Plaintiff noted in its Request that the disclosure of the materials is in the public interest, considering the attention and concern raised by its constituents, media, and advocates regarding ICE's plans to expand and establish new immigration facilities. These concerns range from concerns with the contracting process[13] to concerns about the demand for natural resources that it will have in the area.[14]

25.      Plaintiff also sought a waiver of search and review fees on the ground that disclosure of the requested records is in the public interest and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1).

---

[13] Press Release, Congresswoman Veronica Escobar, Congresswoman Escobar Statement on Additional ICE Detention Facilities in El Paso, January 20, 2026, https://escobar.house.gov/news/documentsingle.aspx?DocumentID=3032#:~:text=Congresswoman%20Escobar%20Statement%20on%20Additional,El%20Paso%20%7C%20Congresswoman%20Veronica%20Escobar (detailing concerns with a private corporation receiving nearly $30 million through a no-bid federal contract to build a detention facility in El Paso).
[14] Burge, Dave, *Perez: Proposed DHS facility would put strain on water*, (March 9, 2026), https://www.ktsm.com/local/el-paso-news/perez-proposed-dhs-facility-would-put-strain-on-water/.

**Statutory Requirements**

26.    The Freedom of Information Act was enacted to facilitate public access to government documents. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989). Its basic purpose is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

27.    In accordance with that purpose, the FOIA statute requires federal agencies like Defendant to disclose records within twenty (20) working days upon receipt of a FOIA request.  5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances," the time prescribed for ICE to make a determination could be extended up to ten (10) working days, but, the agency must provide "written notice…setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

28.    An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

29.    A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

30.    FOIA also allows requesters to ask for expedited processing of their request for records if they can demonstrate a "compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity. *Id.* at § 552(a)(6)(E)(v)(II).

31.     When an agency fails to comply with the applicable time limits, the person making the request shall be deemed to have exhausted their administrative remedies with respect to their request. 5 U.S.C. § 552(a)(6)(C)(i).

32.     When a FOIA requestor asks to be expedited, the agency shall make a determination on whether to approve or deny the request for expedited processing and provide notice of the determination to the requested within ten (10) working days after the date of the request. 5 U.S.C. §§ 552(a)(6)(E)(ii).

33.     An agency's failure to timely respond to the request for expedited processing shall be subject to judicial review.  5 U.S.C. §§ 552(a)(6)(E)(iii).

34.     An agency shall not assess any search fees if the agency fails to comply with any time limit under paragraph (6). 5 U.S.C. §§ 552(a)(4)(A)(viii)(I).

**Defendant's Response to the Request**

35.     On February 17, 2026, Plaintiff's received an automated email from ICE that simply stated, "Due to the current federal funding hiatus, ICE FOIA will not be able to return emails until the conclusion of the funding hiatus." Ex. E (ICE email).[15]

36.     A review of ICE's secure portal for FOIA requests shows Plaintiff's Request was assigned Request Number 2026-ICFO-17552. Ex. F (Portal Sheet). The portal does not say whether ICE has made a determination on whether to comply with Plaintiff's Request. *See id*. The

---

[15] Even though the Department of Homeland Security, which includes ICE, has not been appropriated funds by Congress since February of this year, ICE has continued operations using funds from a bill passed in 2026. *See* Papp, Justin, DHS shutdown: *Senate advances deal to fund agency with TSA, waits on House*, CNBC, April 2, 2026, https://www.cnbc.com/2026/04/02/tsa-dhs-shutdown-senate-house.html (the U.S. legislature has been unable to pass a bill funding the DHS since February of this year); Ramirez Uribe, Maria, *Why are ICE agents paid during the partial government shutdown but TSA agents aren't?* Politifact, March 23, 2026, https://www.politifact.com/article/2026/mar/23/TSA-ICE-DHS-shutdown-funding-paid-Trump-airport/ (the One Big Beautiful Bill Act passed in 2025 included approximately $75 billion for ICE over four years, allowing ICE to continue operations).

portal does state that Plaintiff's request for expedited processing and fee waiver are both "Pending Decision." *Id.*

37.    ICE had 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of a FOIA request to determine whether to comply with the request and immediately notify the requester of its decision. 5 U.S.C. § 552(a)(6)(A)(i)(I). That deadline was March 17, 2026. *See id.*

38.    In determining whether to provide expedited processing of a FOIA request, ICE had to determine and give notice of that determination within 10 days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I). ICE's deadline to determine and give notice to Plaintiffs was March 3, 2026. *See id.*

39.    Plaintiff also requested a waiver of fees because Plaintiff is a governmental entity seeking information in the public's interest and the Request will likely contribute significantly to the public's understanding of government operations or activities. 5 U.S.C. §§ 552(a)(4)(A)(iii) *see also* Ex. C (FOIA Request). Further, Plaintiff's Request is not for any commercial interest. *Id.*

40.    When an agency fails to comply with the applicable time limits to issue a response to a FOIA request, the person making the request shall be deemed to have exhausted their administrative remedies with respect to their request. 5 U.S.C. § 552(a)(6)(C)(i). Because ICE has failed to comply with the relevant deadlines, Plaintiff has constructively exhausted all available administrative remedies.

41.    Despite records of the purchase of property and stated intent to use non-traditional facilities, ICE has neither released responsive records nor explained its basis for withholding them. Ex. G (April 6, 2026, Portal Sheet). 5 § U.S.C. 552, *et. seq.* ICE has not advised Plaintiff of its

determination to comply, nor has ICE provided Plaintiff with a determination to extend its time limit. *Id.*

42.     ICE's failure to comply with FOIA, coupled by its refusal to be forthcoming in informing the public as to their plans for mega detention centers and the detention centers' effects on local communities, its citizens, infrastructure, and natural resources, compels Plaintiff to seek judicial relief. *See* 5 § U.S.C. 552, *et. seq*.

## IV.     CLAIMS FOR RELIEF

### Count One: Violation of the Freedom of Information Act
### 5 U.S.C. § 552(a)(4)(B)
### Unlawful Withholding of Agency Records by ICE

43.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs.

44.     Plaintiff has a legal right under FOIA to timely search and release of responsive, non-exempt agency records to its February 17, 2026, Request.

45.     No legal basis exists for ICE's failure to adequately and timely search for and release responsive agency records in compliance with FOIA's time limits.

46.     ICE's failure to make reasonable and timely efforts to search for and release responsive agency records constitutes an unlawful and improper withholding under the ACT that this Court can and should remedy through declaration and injunction.

47.     Because ICE has failed to comply with the Act's time limits, Plaintiff has constructively exhausted its administrative remedies.

### Count Two: Violation of the Freedom of Information Act
### 5 U.S.C. § 552(a)(4)(B)
### Denial of Expedited Processing

12

48.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs.

49.     Plaintiff sought expedited processing of their request based on several factors demonstrating a compelling need and articulated in their original Request. 5 U.S.C. § 552(a)(6)(E)(i)(I); 6 C.F.R. § 5.5(e)(3).

50.     Plaintiff has demonstrated a compelling need for the expedited processing of their Request.

51.     ICE's failure to grant Plaintiff's request for expedited processing constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552(a)(4)(B).

52.     Plaintiff has constructively exhausted all available administrative remedies.

**Count Three: Violation of the Freedom of Information Act**
**5 U.S.C. § 552(a)(6)(E)(ii)(I)**
**Denial of Expedited Processing**

53.     Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs.

54.     Defendants have a legal duty under FOIA to determine whether to provide expedited processing, and to provide notice of that determination to Plaintiffs within 10 days after the date of the Request.

55.     Defendant's failure to determine whether to provide expedited processing and to provide notice of that determination to Plaintiffs within 10 days after the date of the Request violates FOIA, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and applicable regulations promulgated thereunder.

56.     Because Defendants have not provided a denial or a complete response to the Request, this Court has jurisdiction under FOIA, 5 U.S.C. § 552(a)(6)(E)(iv), to review

Defendants' failure to make a determination concerning Plaintiffs' request for expedited processing.

## V.    REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1.    Declare that Defendant's failure to respond and produce the requested records is unlawful.

2.    Enter judgment in favor of Plaintiff and against Defendant.

3.    Order Defendant to process Plaintiff's Request expeditiously in accordance with 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e).

4.    Declare Defendant's withholding under the FOIA unlawful and enjoin their unlawful withholdings.

5.    Order Defendant to conduct a full, prompt, adequate and expedited search for all responsive records,

6.    Order Defendant to immediately process and release any responsive records.

7.    Enjoin Defendant from withholding non-exempt, responsive records.

8.    Award Plaintiff reasonable costs and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E)(i) and/or 28 U.S.C. § 2412(d)(1)(A).

9.    Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

**Date Submitted: April 6, 2026.**          **Respectfully submitted,**

**CHRISTINA SANCHEZ**
**EL PASO COUNTY ATTORNEY**
320 S. Campbell St., Suite 200
El Paso, Texas 79901
Telephone: (915) 273-3238
Telecopier: (915) 546-2133

14

BY:    */s/ Bernardo Rafael Cruz*
       **BERNARDO RAFAEL CRUZ**
       Texas Bar No. 24109774
       Email: b.cruz@epcountytx.gov

AND    */s/ John E. Untereker*
       **JOHN E. UNTEREKER**
       Assistant County Attorney
       Texas Bar No. 24080627
       Email: j.untereker@epcountytx.gov

       Attorneys for Plaintiff
       El Paso County, Texas