**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **THE COUNTY OF EL PASO, TEXAS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00957-LS** |
| | § | |
| **UNITED STATES IMMIGRATION** | § | |
| **AND CUSTOMS ENFORCEMENT,** | § | |
| **Defendant.** | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

**1.** **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiff asserts:**

1. Defendant has violated three sections of the Freedom of Information Act.

2. Count one: 5 U.S.C. § 552(a)(4)(B) Unlawful Withholding of Agency Records by ICE. Plaintiff has a legal right under FOIA to timely search and release of responsive, non-exempt agency records to its February 17, 2026, Request.

3. No legal basis exists for ICE's failure to adequately and timely search for and release responsive agency records in compliance with FOIA's time limits. ICE's failure to make reasonable and timely efforts to search for and release responsive agency records constitutes an unlawful and improper withholding under the ACT that this Court can and should remedy through declaration and injunction.

4. Because ICE has failed to comply with the Act's time limits, Plaintiff has constructively exhausted its administrative remedies.

5. Count two: U.S.C. § 552(a)(4)(B) Denial of Expedited Processing. Plaintiff sought expedited processing of their request based on several factors demonstrating a compelling need and articulated in their original Request. 5 U.S.C. § 552(a)(6)(E)(i)(I); 6 C.F.R. § 5.5(e)(3).

6. Plaintiff has demonstrated a compelling need for the expedited processing of their Request. ICE's failure to grant Plaintiff's request for expedited processing constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552(a)(4)(B). Plaintiff has constructively exhausted all available administrative remedies.

7.      Count three: 5 U.S.C. § 552(a)(6)(E)(ii)(I) Denial of Expedited Processing. Defendants have a legal duty under FOIA to determine whether to provide expedited processing, and to provide notice of that determination to Plaintiffs within 10 days after the date of the Request.

8.      Defendant's failure to determine whether to provide expedited processing and to provide notice of that determination to Plaintiffs within 10 days after the date of the Request violates FOIA, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and applicable regulations promulgated thereunder.

9.      Because Defendants have not provided a denial or a complete response to the Request, this Court has jurisdiction under FOIA, 5 U.S.C. § 552(a)(6)(E)(iv), to review Defendants' failure to make a determination concerning Plaintiffs' request for expedited processing.

**Defendant asserts:**

1.      The Complaint fails to state a claim on which relief can be granted.

2.      The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

3.      There is no provision of the FOIA for obtaining declaratory relief. At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

4.      Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the FOIA, 5 U.S.C. § 552.

2.      **Are there any outstanding jurisdictional issues**? No. **For removed cases based on diversity jurisdiction:**

   a.      **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

   b.      **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

N/A

3.      **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

N/A

**4.    Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None, other than the facts admitted in Defendant's Answer.

**5.    Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The parties are unaware of any legal issues that can be narrowed by agreement or by motion at this time.

**6.    Are there any issues about preservation of discoverable information?**

The parties are unaware of any issues about preservation of discoverable information.

**7.    Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Currently, the Parties are unaware of any issues about disclosure of electronically stored information (ESI). The Parties have agreed to the following regarding ESI:

    i.    The Parties agree that relevant ESI will be produced in its native or quasi-native format. The Parties may produce all documents in this case, including any ESI, on a disk.

    ii.    If a substantial amount of discovery involving ESI becomes necessary, the Parties will discuss search terms and reasonable limits on the scope of any search and production of ESI prior to requesting ESI. *See* Fed. R. Civ. P. (26)(b)(1) and (2).

    iii.    The Parties will agree to reasonable limits on the scope of any search and production of ESI in the event a party feels a request for ESI is overbroad or unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1) and (2).

**8.    What are the subjects on which discovery may be needed?**

At this time, the parties believe discovery will not be necessary in this matter. Plaintiff qualifies this response; the purpose of this FOIA lawsuit is to obtain information from Defendant. While Plaintiff does not presently anticipate the need for discovery, discovery may become necessary if issues arise concerning the adequacy, completeness, or propriety of Defendant's production.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The Parties agree and stipulate pursuant to Fed. R. Civ. P. 26(a)(1)(A) that initial disclosures are not necessary as this is a Freedom of Information Act (FOIA) action for which there is no need to exchange disclosures.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

All discovery should be completed on or before May 13, 2027, or as otherwise ordered by the Court. The Parties will not conduct discovery in phases or limit discovery to particular issues at this time.

11. **What, if any, discovery disputes exist?**

None at this time.

Plaintiff qualifies this response; the purpose of this FOIA lawsuit is to obtain information from Defendant. While there are no discovery disputes at this time, discovery disputes may arise  concerning the adequacy, completeness, or propriety of Defendant's production.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have discussed the desirability of filing a proposed order pursuant to FRE 502, and will work together to draft a proposed order jointly.

13. **Have the parties discussed early mediation?**

The parties do not believe early mediation is necessary in this matter.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties do not intend to seek the entry of a confidentiality and protective order at this time. The parties are unaware of any other scheduling or discovery items requiring the court's attention.

Respectfully submitted,

**JUSTIN R. SIMMONS**
UNITED STATES ATTORNEY

Date: 6/15/26                         By:    /s/ Angelica A. Saenz

**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas State Bar No. 24046785
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email:  Angelica.Saenz@usdoj.gov
*Attorneys for Defendant*

**And**

**CHRISTINA SANCHEZ**
**EL PASO COUNTY ATTORNEY**
320 S. Campbell St., Suite 200
El Paso, Texas 79901
Telephone: (915) 273-3238
Telecopier: (915) 546-2133

Date: 6/15/26            BY:    /s/ *Bernardo Cruz*
                               **BERNARDO RAFAEL CRUZ**
                               Texas Bar No. 24109774
                               Email: b.cruz@epcountytx.gov

                        AND    */s/  Jed Untereker*
                               **JOHN E. UNTEREKER**
                               Assistant County Attorney
                               Texas Bar No. 24080627
                               Email: j.untereker@epcountytx.gov
                               *Attorneys for Plaintiff*

5